IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

JAMIL ABDUL MUHAMMAD,

     Plaintiff,

  v.

JUDGE MARTIN E. SMITH, *et al.,*

     Defendants.
_____

Civil Action No.
3:13-CV-0760 (MAD/DEP)

APPEARANCES:

FOR PLAINTIFF:

Jamil Abdul Muhammad, *Pro Se*
13-B-2172
Lakeview Shock Incarceration
P.O. Box T
Brocton, NY 14716

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE

### REPORT, RECOMMENDATION, AND ORDER

 *Pro se* plaintiff, Jamil Abdul Muhammad, who is currently a New York State prisoner but was not at the time this action was commenced, has commenced this civil rights action, and requested that he be granted leave

to proceed *in forma pauperis* ("IFP").[1]  In his complaint, plaintiff asserts claims against a sitting judge, an assistant district attorney, a county court and the American Bar Association.   In addition to requesting IFP status, plaintiff has also requested that *pro bono* counsel be assigned to represent him in this matter.

For the reasons set forth below, plaintiff's motion for leave to proceed IFP is granted, and his application for assignment of counsel is denied, without prejudice.   In addition, based upon the court's review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), I recommend that it be dismissed, with leave to replead only with respect to defendant American Bar Association.[2]

I.  BACKGROUND

Plaintiff's complaint, which is largely unintelligible, lacks crucial information concerning the circumstances surrounding his present incarceration and those giving rise to his claims.   From other submissions received by the court from the plaintiff, it appears that he was sentenced by

---

[1]   According to publicly available information, plaintiff was remanded into the custody of Broome County on July 2, 2013, four days after this action was commenced, and was later transferred into the custody of the New York State Department of Corrections and Community Supervision on July 25, 2013.

[2]   In a filing received by the court after commencement of the action, plaintiff requested that the court order his immediate release from prison.   Dkt. Nos. 9, 16. Such relief, however, is only available from this court by way of writ of habeas corpus, issued pursuant to 28 U.S.C. § 2254.

2

Broome County Court Judge Martin E. Smith, a named defendant, based upon a plea of guilty entered in that court. Dkt. No. 7 at 2. Plaintiff appears to allege that, as a result of those proceedings, Judge Smith is guilty of kidnapping, and liable for conspiracy to violate his civil rights in violation of 18 U.S.C. § 241.

II. DISCUSSION

    A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed IFP is granted.[4]

---

    [3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

    [4] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B. Sufficiency of Plaintiff's Complaint

1. Legal Standard

Because I have found that plaintiff Muhammad meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e).[5] Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v.*

---

[5] While plaintiff is subject to the review requirements of 28 U.S.C. § 1915(e), the additional requirements imposed on prisoners pursuant to the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) including, importantly, the requirement to authorize deductions from the plaintiff's prison account to pay the required filing fee in installments, do not apply in this case because plaintiff was not incarcerated at the time he commenced this action. *Christophel v. Brandl*, No. 08-CV-0755, 2008 WL 5429658, at *2 (E.D. Wisc. Dec. 31, 2008).

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for

guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do

6

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

  2. <u>Analysis</u>

  The claims being raised by plaintiff in this action are difficult to discern. His initial filing, which the court has construed as a complaint, consists of a cover sheet listing the four defendants, a second page setting forth some type of disclaimer, a third entitled "AFIDAVIT [sic] "FOR NEGATIVE AVERMENT [sic]," which contains no facts supporting plaintiff's claims, and a page entitled "AFIDAVIT [sic] FOR 'DECLARATORY JUDGMENT' (RELEASE WITHOUT CONSIDERATION)," purporting to be a document executed under the Uniform Commercial Code, and again failing to set forth facts supporting his claims. Dkt. No. 1 at 1-5. The complaint closes with a handwritten and signed document requesting "the appropriate ruling in this matter," but again fails to set forth facts or identify any causes of action. *Id.* at 6. Attached to plaintiff's complaint are a series of documents, including those purporting to emanate from the United Washitaw de Dugdahmoundyah Mu'ur Nation. Dkt. No. 1-1. Generally, plaintiff's complaint fails to satisfy the minimal pleading requirements of rules 8 of the Federal Rules of Civil Procedure as well as *Twombly* and its progeny. It is

7

unclear from the complaint proffered what causes of action are being stated, and against which defendants. In addition, the complaint lacks any allegations of fact to show that plaintiff can state a plausible claim against one or more of the defendants.

In deference to his *pro se* status, the court has scrutinized other filings made in this action by the plaintiff, and analyzed the claims against the named defendants.

      a.    <u>Claims Asserted Against Defendants Smith and White</u>

Two of the defendants in this case are apparently associated with plaintiff's prosecution in Broome County, including Judge Martin E. Smith, and Assistant District Attorney Jason White. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It is equally well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v.*

*Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

In this case, plaintiff's complaint appears to assert claims against defendants Smith and White in light of their official conduct carried out in their positions as a judge and prosecutor. Accordingly, even assuming that plaintiff's allegations related to these two defendants are sufficiently pleaded, they are entitled to dismissal based on absolute immunity. I therefore recommend that defendants Smith and White be dismissed from the action.[6]

---

[6] Plaintiff's complaint also accuses defendants Smith and White of violating 18 U.S.C. § 241, a criminal statute that does not give rise to a private right of action. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) ("Section[] 241. . .

b. <u>Claims Asserted Against Broome County Courts</u>

A third defendant in this case is the Broome County Courts, which is an arm of the State of New York. The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Because county courts are extensions of the states that they serve, they are immune from suit. *Thomas v. Bailey*, No. 10-CV-0051, 2010 WL 662416, at *1 (E.D.N.Y. Feb. 22, 2010); *Molina v. Queens Court*, No. 09-CV-1281, 2009 WL 1181254, at *2 (E.D.N.Y. Ap. 30, 2009). I therefore further recommend that plaintiff's claims against the Broome County Courts Sixth District be dismissed.

c. <u>Claims Asserted Against the American Bar Association</u>

The last named defendant in plaintiff's complaint is the American Bar Association. It gives no hint, however, as to the basis upon which that association would be liable to plaintiff. Although it is (again) not clear from

---

relate[s] to deprivation of civil rights, however[,] there is no private right of action under th[is] statute[]."); *accord*, *Licorish-Davis v. Mitchell*, No. 12-CV-0601, 2013 WL 2217491, at *10 (S.D.N.Y. May 20, 2013). That claim, therefore, is also ripe for dismissal at this juncture.

10

his complaint, it appears that this action is brought pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)). A defendant may not be held liable under section 1983, however, unless it is established that he acted under the color of state law in allegedly violating the plaintiff's constitutional rights. *See, e.g., Faddis-DeCerbo v. Astor Servs. for Children & Families*, 500 F. App'x 46, 47 (2d Cir. 2012) ("Plaintiffs bringing suit under 42 U.S.C. § 1983 are therefore required to demonstrate that defendants acted under color of state law when they engaged in the challenged conduct."). Plaintiff's complaint alleges no facts plausibly suggesting that defendant American Bar Association is a state actor, or that it acted under color of state law when allegedly violating plaintiff's rights. For that reason, I recommend that the claims against that defendant be dismissed.

  C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.

11

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report with respect to the claims asserted against defendants Smith, White, and Broome County Courts are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, I recommend against granting him leave

to amend as it relates to those claims. However, although the court is skeptical of any claim that plaintiff may assert against defendant American Bar Association, I recognize that the deficiencies identified in plaintiff's complaint as it relates to those claims could possibly be cured through the inclusion of greater factual detail in his pleading. Accordingly, I recommend that plaintiff be granted leave to amend his claim against defendant American Bar Association only.

### D. Appointment of Counsel

On August 29, 2013, plaintiff filed a motion with the court seeking appointment of counsel. Dkt. No. 15. District courts are afforded broad, though not limitless, discretion in determining whether to appoint counsel to represent indigent civil litigants. 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In *Hodge*, the Second Circuit noted that, when exercising that discretion, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 60. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and

any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

In this case, as was previously described above, plaintiff's complaint fails to set forth sufficient facts to plausibly allege a cognizable cause of action. Accordingly, it is not clear at this juncture that plaintiff's claims are likely of substance. *Hodge*, 802 F.2d at 60. In addition, as a prerequisite to requesting appointment of *pro bono* counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989). Given that plaintiff Muhammad has not provided the court with any information regarding his prior efforts to obtain counsel, his request is subject to denial on this basis, as well.

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiff's filings demonstrate that he qualifies for leave to proceed *in forma pauperis.* Having granted him IFP status, the court has reviewed plaintiff's complaint pursuant to the requirements of 28 U.S.C. § 1915(e), and finds that it does not meet the governing pleading requirements and fails to set forth allegations plausibly suggesting the existence of a cognizable cause of action against defendants. It is therefore hereby

ORDERED that plaintiff Jamil Abdul Muhammad's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

ORDERED that plaintiff's motion for appointment of *pro bono* counsel (Dkt. No. 15) is DENIED, without prejudice; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, with prejudice and without leave to replead as against defendants Judge Martin E. Smith, Assistant District Attorney Jason White, and Broome County Courts, and otherwise without prejudice and with leave to replead as to defendant American Bar Association.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated: October 16, 2013
Syracuse, New York

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

15