**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMIL ABDUL MUHAMMAD,**

                          **Plaintiff,**

      vs.                                                    **3:13-cv-760
                                                                     (MAD/DEP)**

**JUDGE MARTIN E. SMITH; JASON WHITE,
Assistant District Attorney; BROOME COUNTY
COURTS, 6TH DISTRICT; AMERICAN BAR
ASSOCIATION; UNITED STATES OF AMERICA;
and STATE OF NEW YORK,**

                          **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JAMIL ABDUL MUHAMMAD
13-B-2172**
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff, who is currently a New York State prisoner but was not at the time this action was filed, commenced this civil rights action asserting claims against a sitting judge, an assistant district attorney, a county court, and the American Bar Association. *See* Dkt. No. 1. In an October 16, 2013 Report, Recommendation, and Order, Magistrate Judge Peebles conducted an initial review of the complaint and recommended that the complaint be dismissed, with leave to

replead only as to any claims asserted against Defendant American Bar Association. *See* Dkt. No. 19.

Currently before the Court is Magistrate Judge Peebles' Report, Recommendation, and Order and Plaintiff's objections thereto.

**II. BACKGROUND**

Plaintiff's complaint and his many subsequent filings are largely unintelligible. In his complaint, Plaintiff identifies himself as a "Moor/Sovereign/a Freeman On The Land/ a Man, Real Live Flesh and Blood[.]" Dkt. No. 1 at 3. Plaintiff claims that, through his "unalienated rights under UCC1-207(308)," he is "entitled to any Interpleted Funds relative to JAMIL ABDUL MUHAMMAD, and the defendant is determined to be Barred from any collection of my alleged debt from JAMIL ABDUL MUHAMMAD relating to Jamil Abdul Muhammad and defendant had in no 'CLAIM IN FACT.'" *Id.* at 5.

From other submissions submitted by Plaintiff, it appears that Plaintiff was sentenced by Broome County Court Judge Martin E. Smith, a named Defendant, based upon a plea of guilty entered in that court. *See* Dkt. No. 7 at 2. Plaintiff appears to allege that, as a result of those proceedings, Judge Smith is guilty of kidnapping, and is liable for conspiracy to violate his civil rights in violation of 18 U.S.C. § 241. *See id.* Further, Plaintiff makes vague references to a clerk in Binghamton named "Karen," and claims that she and other Defendants have placed him in imminent harm. *See* Dkt. No. 21 at 4-5. Plaintiff asks the Court to award him "the dismissal of said charges" and to release him "by implying said 'habeas corpus' granting [him] immediate release of confinement[.]" *Id.* at 5.

In a Report, Recommendation, and Order, Magistrate Judge Peebles granted Plaintiff's motion to proceed *in forma pauperis* and then conducted an initial review of the complaint. *See* Dkt. No. 19. Magistrate Judge Peebles noted that Plaintiff's complaint failed to meet the minimal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, as well as *Twombly* and its progeny. *See id.* at 7. In light of his *pro se* status, however, Magistrate Judge Peebles considered Plaintiff's subsequent filings to determine if he has set forth a plausible claim against any named Defendant. *See id.* at 8.

Magistrate Judge Peebles first found that Defendants Smith and White are entitled to absolute immunity because Plaintiff's claims against them are associated with his prosecution in Broome County. *See id.* at 8-9. Further, the report found that Plaintiff's claims brought pursuant to 18 U.S.C. § 241 should be dismissed because it is a criminal statute that does not give rise to a private cause of action. *See id.* at 9 n.6 (citations omitted). Next, Magistrate Judge Peebles concluded that Plaintiff's claims against the Broome County Courts must be dismissed because they are an extension of the state, immune from suit under the Eleventh Amendment. *See id.* at 10. Thereafter, Magistrate Judge Peebles found that the Court should dismiss Plaintiff's claims against Defendant American Bar Association ("ABA") because Plaintiff failed to allege any facts to plausibly suggest that Defendant ABA is a state actor, or that it acted under color of state law when allegedly violating Plaintiff's rights. *See id.* at 10-11. Finally, Magistrate Judge Peebles recommended that the Court dismiss all claims with prejudice, except those asserted against Defendant ABA. *See id.* at 12-13.

Currently before the Court are Magistrate Judge Peebles Report, Recommendation, and Order, and Plaintiff's objections thereto. Additionally pending before the Court are several letter

motions, along with an amended complaint Plaintiff filed after the issuance of the Report, Recommendation, and Order.

### III. DISCUSSION

**A.     Redemptionist and sovereign citizen theories**

Plaintiff's assertions appear to be based, at least in part, on the "redemptionist" theory or the related "sovereign citizen" theory, which are frivolous legal theories that have been consistently rejected by federal courts. *See Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008). The United States Court of Appeals for the Third Circuit explained:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

*Id.* (citation omitted).[1]

Plaintiff also apparently adheres to the Redemptionist theory regarding the use of capital letters:

---

[1] The Court notes that Plaintiff was convicted of Falsifying Business Records in the First Degree.

4

> Redemptionists claim that by a birth certificate, the government created strawmen out of its citizens. A person's name spelled in English, that is with initial capital letters and small letters, represents the real person, that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the strawman is referenced, and the flesh and blood person is not involved.

*McLaughlin v. CitiMortqage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (internal quotation marks omitted); *see also Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758–61 (W.D. Va. 2007).

Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources. *See McLaughlin v*, 726 F. Supp. 2d at 210 (providing detailed explanation of the redemptionist theory and rejecting it); *Charlotte v. Hanson*, 433 Fed. Appx. 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law) (citation omitted). A prisoner's attempt "to avoid the consequences of his criminal conviction" based on the redemptionist theory, has been recognized as "legally frivolous," *Ferguson–El v. Virginia*, No. 3:10CV577, 2011 WL 3652327, *3 (E.D. Va. Aug. 18, 2011), and civil cases based on redemptionist and sovereign citizen theories have been found to be "utterly frivolous" and "patently ludicrous," using "tactics" that are "a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars." *Barber v. Countrywide Home Loans, Inc.*, No. 2:09cv40, 2010 WL 398915, *4 (W.D.N.C. Oct. 7, 2009).

In short, Plaintiff seeks to avoid the consequences of his conviction by suggesting he exists as two separate legal entities and that the State of New York and Broome County do not have jurisdiction over both entities and thus must release him and pay him damages. Such a theory is legally frivolous. *See Tirado v. New Jersey*, No. 10–3408(JAP), 2011 WL 1256624,

*4–5 (D.N.J. Mar. 28, 2011) (observing a similar argument "has absolutely no legal basis"); *Marshall v. Fla. Dep't Corr.*, No. 10-CV-20101, 2010 WL 6394565, *1 (S.D. Fla. Oct. 27, 2010). Although the Court finds that these theories are frivolous, in light of his *pro se* status, the Court will consider each possible claim in greater detail.

**B.     The Report, Recommendation, and Order**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, although the Court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[3]

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense,'" and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed

7

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed the Report, Recommendation, and Order and Plaintiff's objections thereto, the Court finds that Magistrate Judge Peebles correctly determined that Plaintiff's claims should be dismissed. As explained below, however, the Court rejects Magistrate Judge Peebles'

8

recommendation insofar as it found that Plaintiff should be permitted a chance to amend his complaint as to Defendant ABA.

Section 1983 itself does not create any substantive rights; rather, it provides a procedural mechanism for redressing the deprivation of rights created by the Constitution or laws of the United States. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)). To state a cognizable claim under Section 1983, a plaintiff must allege that "'(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" *Weiss v. Inc. Village of Sag Harbor*, 762 F. Supp. 2d 560, 568 (E.D.N.Y. 2011) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)).

The Supreme Court, in *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982), established a two-prong test for determining when a private party's actions can be deemed to satisfy Section 1983's requirement that the challenged conduct was "under color of state law." Actions of a private party can be deemed "fairly attributable" to the state, and therefore treated as action taken "under color of state law," when (1) the deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010) (quoting *Lugar*, 457 U.S. at 937). A private party's actions may be attributable to the state under the second *Lugar* prong if it meets one of three tests: (1) "The 'compulsion test': the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) "The 'public function test': the entity 'has been delegated a public function by the

9

[s]tate'"; or (3) "The 'joint action test' or 'close nexus test': the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies." *Hollander*, 624 F.3d at 34 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (internal citations omitted)).

In the present matter, Defendant ABA is a private party which does not meet any of the three tests set forth above. Courts throughout the United States have already addressed this question and they have unanimously held that the American Bar Association is not a state actor for purposes of a Section 1983 action. *See Hu v. American Bar Ass'n*, 334 Fed. Appx. 17, 18-19 (7th Cir. 2009) (finding that the district court properly dismissed the plaintiff's complaint because the ABA is not a state actor); *Lawline v. American Bar Ass'n*, 956 F.2d 1378, 1385 (7th Cir. 1992) (concluding that "private bar associations are not state actors for the purpose of Section 1983"); *Rohan v. American Bar Ass'n*, No. 93 CV 1338, 1995 WL 347035, *6-*7 (E.D.N.Y. May 31, 1995) (holding that the ABA is a professional association, not a state actor, even though admission to practice law in New York State requires graduation from an ABA-accredited law school, because "the State of New York has not explicitly delegated to the ABA its responsibility for setting the requirements that an individual must meet in order to be licensed as an attorney-at-law" and "any conferral of monopoly status on the ABA by New York State does not convert the ABA into a state actor"); *see also The Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs.*, 608 F.3d 110, 121-22 (1st Cir. 2010) (finding that state bar association was not a state actor).

In the present matter, the Court agrees that Defendant ABA is not a state actor for Section 1983 purposes. New York has not expressly delegated to the ABA its responsibility for setting

10

the requirements to practice law in New York; rather, to become a member of the New York Bar, an individual must comply with the Rules of the New York Court of Appeals on admission to practice. *See Rohan*, 1995 WL 347035, at *5. Further, the ABA was neither established by the State of New York, nor is it funded or supported by the State. *See id.* at *7 (citations omitted). Additionally, school accreditation has been recognized as a function of private entities, rather than one that "has been traditionally the exclusive prerogative of the State." *Id.* (quotation and other citation omitted).

Based on the foregoing, the Court finds that Defendant ABA is not a state actor. As such, the Court rejects Magistrate Judge Peebles' recommendation only insofar as the report recommended that the Court dismiss the claims against Defendant ABA without prejudice. Although the Court should generally permit a *pro se* litigant an opportunity to amend, dismissal with prejudice is appropriate where, as here, any amendment of the complaint would be futile.

Further, the Court finds that Magistrate Judge Peebles correctly determined that Defendants Smith and White are entitled to absolute immunity since Plaintiff has raised claims against them in their capacities as a judge and prosecutor. *See Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quotation omitted); *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citation omitted). Additionally, Plaintiff's claims against the Broome County Courts are barred by the Eleventh Amendment. *See Thomas v. Bailey*, No. 10-cv-51, 2010 WL 662416, *1 (E.D.N.Y. Feb. 22, 2010). Finally, to the extent that Plaintiff is seeking his immediate release from custody, such relief is only available from this Court by way of a writ of habeas corpus, issued pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1975); *see also Brown v. Freeport Police Dept.*, Nos. 13 CV 4047, 13 CV 6514, 2014 WL 279847, *5 (E.D.N.Y. Jan. 23, 2014) (citation omitted).

**C. Plaintiff's amended complaint**

In his amended complaint, Plaintiff names as Defendants the "United States of America/Foreign Corporation of United States," and the State of New York, as well as the previously named Defendants. *See* Dkt. No. 34 at 1-2. In the amended complaint, Plaintiff claims that the "United States of America is guilty of criminal infringement of intellectual property, failure of consideration, act of indemnity, insurance fraud, securities fraud," as well as an apparent violation of section 34 of the Judiciary Act[4] and a conspiracy with the other named Defendants in violation of 18 U.S.C. § 241. *See id.* at 4. Plaintiff claims that Defendants' actions were "in violation of misnomer contracts of surety" and led to his "wrongfull [sic] imprisonment via commercial claims alleging DEATH and DEBT." *Id.* Plaintiff is seeking his immediate release, in addition to $150,0000,000 "upon court ordered 'Release' from cestui que vie life insurance policy and foreign corporation of United States." *Id.* at 6. Additionally, Plaintiff asks the Court to "expunge all criminal proceedings, charges, finger prints, DNA, blood, mugshots, arrest/arrest record of alleged charges do to illegal commercial . . . surety contracts alleging DEATH or DEBT upon 'RELEASE' being granted." *Id.*

Having reviewed the amended complaint, the Court finds that Plaintiff has failed to plausibly allege that he is entitled to any of the relief he seeks. A plaintiff may not collect damages for his alleged wrongful imprisonment or conviction without first showing "that [his]

---

[4] Originally § 34 of the Judiciary Act of 1789, the Rules of Decision Act, now contained in 28 U.S.C. § 1652, reads: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." It is unclear how an improper application of the Rules of Decision Act violated Plaintiff's rights and Plaintiff's nearly incomprehensible filings provide no insight.

12

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Plaintiff has made no such showing and a review of the Department of Corrections and Community Supervision website demonstrates that Plaintiff is still incarcerated. Additionally, 18 U.S.C. § 241 is a criminal statute which does not create a private cause of action. *See Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2d Cir. 2011) (citing cases).

Again, as discussed above, Plaintiff's claims against Defendants Smith and White must be dismissed because they are entitled to absolute immunity. *See Hill*, 45 F.3d at 660-61 (quotation omitted); *DuQuin*, 320 F. Supp. 2d at 40-41 (citation omitted). Additionally, Plaintiff's claims against the Broome County Courts and the State of New York are barred by the Eleventh Amendment. *See Thomas*, 2010 WL 662416, at *1. Further, to the extent that Plaintiff is seeking his immediate release from custody, such relief is only available from this Court by way of a writ of habeas corpus, issued pursuant to 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 498–99; *see also Brown*, 2014 WL 279847, at *5 (citation omitted). Finally, Plaintiff alleges no facts against Defendant United States. Rather, the United States appears to have been included as a Defendant solely under Plaintiff's ludicrous sovereign citizen and redemptionist theories, which are subject to dismissal.

Based on the foregoing, the Court finds that Plaintiff's amended complaint fails to set forth any non-frivolous causes of action. Since permitting additional amendment would be futile, Plaintiff's amended complaint is dismissed with prejudice.

In view of the frivolous nature of Plaintiff's claims, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and,

therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report, Recommendation, and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' October 16, 2013 Report, Recommendation, and Order is **ADOPTED in part and REJECTED in part;**[5] and the Court further

**ORDERS** that Plaintiff's complaint and amended complaint are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall terminate all pending motions not addressed in this Memorandum-Decision and Order as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: July 23, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[5] Magistrate Judge Peebles' Report, Recommendation, and Order is only rejected insofar as it recommended that the Court dismiss Defendant ABA without prejudice.

14